FILED
5/7/2019 4:51 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L004938

4967179

Atty No. 30118

STATE OF ILLINOIS)
             ) SS.
COUNTY OF COOK )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### ILLINOIS COUNTY DEPARTMENT, LAW DIVISION

DIANE ARNOLD             )
                                      )
           Plaintiff,    )
                                      )
vs.                              )    No.   2019L004938
                                      )
ROUNDY'S ILLINOIS, LLC., d/b/a MARIANO'S )
           Defendant.

### COMPLAINT AT LAW

NOW COMES the plaintiff, DIANE ARNOLD, by and through her attorney in this regard, THOMAS M. PARIS, and complaining of the defendant, ROUNDY'S ILLINOIS, LLC., d/b/a MARIANO'S (MARIANO'S), states as follows:

1.    On or about July 22, 2017, the defendant, MARIANO'S, was doing business in the State of Illinois, owned, maintained, possessed and/or controlled the premises currently known as MARIANO'S, located in Northbrook Illinois, County of Cook, State of Illinois.

2.    On or about July 22, 2017, and for a long time prior thereto, the defendant, MARIANO'S was engaged in the business of selling food and similar items to customers, thereby inviting the general public to enter its building to shop.

3.    In the course of its said business, the defendant, MARIANO'S, invited the general public, including the plaintiff, DIANE ARNOLD, to shop for groceries at its store.

4.    On July 22, 2017, the plaintiff, DIANE ARNOLD, as a store customer, was


EXHIBIT A

lawfully upon the said premises pursuant to said invitation.

5. At all times material herein, the plaintiff, DIANE ARNOLD, was in the exercise of ordinary care and caution for her own safety.

6. It was then and there the duty of the defendant, MARIANO'S, to provide invitees such as plaintiff a reasonably safe means of egress from the property, and a duty to exercise reasonable care to maintain said egress in a reasonably safe manner for the safety of its invitees, customers, and guests, including the plaintiff.

7. In addition to those duties imposed by law, the defendant voluntarily assumed a duty to provide a scraper mat within the store.

8. As DIANE ARNOLD exited the store she was required to encounter the scraper mat as it was laid out perpendicular to the egress door, in front of the door. The scraper mat was buckled at its edge which edge caught Plaintiff's foot as she walked at/into the mat, attempting to cross upon it, thus causing her to fall and sustain injuries to her person.

9. Contrary to the aforementioned duties imposed by law or voluntarily assumed, the defendant, MARIANO'S, through its duly authorized agents, servants and/or employees, was guilty of one or more of the following careless and negligent acts and/or omissions:

    (a) Installed a scraper mat with a buckled edge at a location where exiting patrons would encounter it without appreciating the danger of the condition.

    (b) Maintained a scraper mat with a buckled edge at a location where exiting patrons would encounter it without appreciating the danger of the condition.

    (c) Failed to remove the mat on days (such as when Plaintiff encountered it) that there was no need for a scraper mat due to the lack of precipitations which would be tracked into the building.

(d) Placed the mat across the egress, a location where it was not needed, as tracking dirt from inside MARIANO's to the outside was not an issue which needed to be guarded against.

(e) Failed to make reasonable inspection of the ingress/egress and mat.

(f) Failed to have in place a system/protocol/policy to monitor scraper mats from become a hazardous condition for customers.

10. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions of the defendant, MARIANO'S, the plaintiff, DIANE ARNOLD, was caused to trip and fall on the mat immediately inside the exit of the store, which caused her to fall forward sustaining significant injuries.

11. That as a direct and proximate result of the aforesaid, the plaintiff, DIANE ARNOLD, suffered injuries, both internally and externally, of a permanent and lasting nature, said injuries have caused and will continue to cause pain in body and mind; and the plaintiff was caused to expend and in the future will be compelled to expend large sums of money for medical care in endeavoring to be cured of said injuries; that plaintiff had surgery to replace her left shoulder; and the plaintiff has been and in the future will be prevented from attending to her usual affairs and duties; and has lost the ability to lead a normal life, become disfigured and has become disabled as a result of said fall.

FILED DATE: 5/7/2019 4:51 PM 2019L004938

WHEREFORE, the plaintiff, DIANE ARNOLD, prays judgment against the defendant, ROUNDY'S ILLINOIS, LLC., d/b/a MARIANO'S, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000) plus costs of suit.

                                                                    THOMAS M. PARIS,
                                                                    /s/ Thomas M. Paris
                                                                    Thomas M. Paris, Attorney for Plaintiff.

#30118
Thomas M. Paris
55 West Monroe - Suite 3330
Chicago, Illinois 60603
(312) 759-1600
(312) 201-1436 – Fax
tp@tomparislaw.com